## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberly Stivala<br>Ronald C. Stivala<br>              Debtors | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>              Movant<br>vs. | NO. 17-14625 REF |
| Kimberly Stivala<br>Ronald C. Stivala<br>              Debtor | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br>              Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtors' vehicle is **$3,497.28,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2017 to June 2018 at $291.44/month |
| **Total Post-Petition Arrears** | **$3,497.28** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to provide for a cramdown of Debtors' vehicle.

b). The Amended Plan will provide for a cramdown of the vehicle with a secured value of $9,895.07 and an interest rate of 6.25% for a total of $11,547.00 to be paid through the plan.

c). Regular monthly payments will continue to be made to the bankruptcy trustee until Movant is paid in full per section 2(b).

3. In the event the actions or payments under Section 2 above are not done pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 29, 2018            By: /s/ Rebecca A. Solarz, Esquire
                                Rebecca A. Solarz, Esquire

Date:_____        /s/ Brenna Hope Mendelsohn, Esquire
                                Brenna Hope Mendelsohn, Esquire
                                Attorney for Debtor

Date: 6/1/18                    _____
                                Frederick L. Reigle
                                Chapter 13 Trustee


Approved by the Court this  5  day of  June  , 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling